By the Court.—Sedgwick, Ch. J.
—If, in this action, the defendant had not in the answer set up the existence of the limited partnership, it might have perhaps been necessary to determine whether an allegation of general partnership is supported by proof that the certificate or affidavit filed under the statute to form a limited partnership was false. One question would be, does the negativing the assertions of the certificate or affidavit tend to show that such facts as are essential to copartnership had an existence? Or does it tend only to show the liability as a partner, under the statute ? Another question would be, if it tend to show only the latter, must not the special facts, which under the statute create the liability, be pleaded ?
But when the defendant, to a complaint of general partnership, avers the making of the limited partnership, the ground of the exclusion of the questions on the trial in this case cannot, in my judgment, be sustained. The ground was that, to show the falsity of the certificate or affidavit was not relevant to any issue in the case, as the complaint did not state a cause of action based upon the falsity. There was, however, an issue arising from the answer to which the questions were relevant, and which required their *52 admission, unless they had been excluded on an objection which was not taken, and which perhaps would not be held to be sound, that is, that the testimony should not be called for until the defendant had given his case. Section 532 o’f the Code of Civil Procedure declares that allegation of new matter in an answer is to be deemed controverted by the adverse party.
I do not see how the defendant in this case can' avoid the effect of Stone v. De Puga (4 San. 681), so far as it goes, for the pleading in this case follows the determination there made. It does not seem that the state of the code then in force, that made a reply to new matter in the answer necessary, if it were to be controverted, affects the question. The present Code (§ 516) is, that when an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant’s application, direct the plaintiff to reply to the new matter. This is an answer to the suggestion that unless the complaint state the special facts under the statute the defendant may not be notified of the facts on which the plaintiff intends to rely.
Or it may be further suggested that such new matter in answer is not a defense by way of avoidance. It seems, however, to be set up as avoidance, because it pre-supposes that the plaintiff would have a right to show facts, from which an inference of general partnership might be drawn, • but which would be avoided by proof of the defense.
' I am of opinion that the judgment should be reversed and a new trial ordered, with the costs of the appeal to the appella'nt to abide the result.
Freedman, J., concurred.